**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MALLCO COMPANY,

        Plaintiff,        CASE NO. 16-10010
                                  HON. DENISE PAGE HOOD

v.

UNIVERSAL GRANITE &
MARBLE, INC.,

        Defendant.
_____/

**ORDER REGARDING MOTIONS IN LIMINE
[#24; #25; #26; #27]**

**I.    BACKGROUND**

On January 4, 2016, Plaintiff Mallco Company ("Mallco") filed a Complaint against Defendant Universal Granite & Marble, Inc. ("UGM") alleging breach of lease contract. (Doc # 1) A bench trial is scheduled to begin on February 28, 2017. This matter is now before the Court on several Motions in Limine filed by Mallco and UGM. (Docs # 24, 25, 26, 27) The Motions have been fully briefed.

The case arises from the landlord-tenant relationship between the parties. The parties have stipulated to the following facts. (Doc # 31) Mallco owns real property located at 31201 Mally Drive in Madison Heights, Michigan (the "Premises"). On March 26, 2003, Mallco and UGM entered into a written Amended and Restated Office Lease ("Lease") under which UGM leased the

1

Premises from Mallco for a period of five years and three months beginning on November 4, 2002 and ending on February 4, 2008.  The Lease was extended several times via writings signed by both parties.  The most recent written extension of the Lease extended the term of the Lease from April 3, 2014 through April 3, 2015 and increased the monthly rent to $8,616.69.  UGM continued to occupy the Premises after April 3, 2015 on a month-to-month basis, as agreed upon between Mallco and UGM.  UGM vacated the Premises in July 2015, after leasing the Premises for approximately fourteen years.  UGM did not pay rent in July 2015.  Mallco is in possession of UGM's security deposit in the amount of $8,616.67.  UGM is entitled to a tax credit totaling $2,432.29 for real estate taxes paid by UGM that were not otherwise due or owing.

Mallco alleges that UGM is responsible for the following monetary damage after it vacated the Premises:  (1) $8,616.00 for rent not paid in July 2015;  (2) $49,400.00 for physical damage to the parking lot;  (3) $15,320.00 for repairs to industrial strength cranes located inside the Premises and utilized by UGM;  (4) $52,970.00 for miscellaneous repairs to the interior and exterior of the Premises beyond reasonable wear and tear, and as required by the City of Madison Heights' municipal code.

UGM claims that the damages sought by Mallco are outside the scope of UGM's obligations under the terms of the Lease.  According to UGM, the repairs

to the parking lot and building fall outside the scope of Paragraph 13 of the Lease, and the repairs to the cranes fall outside the scope of Paragraph 54 of the Lease because UGM did not misuse the cranes or fail to maintain them in accordance with OSHA standards. UGM claims that any amount that the Court may find it is obligated to pay is offset by the security deposit in Mallco's possession and by the tax credit that is due and owing to UGM.

Through the instant Motions in Limine, UGM seeks to exclude documents not produced during discovery, conflicting testimony by Mallco, and expert testimony. Mallco seeks to exclude evidence regarding the use of the parking lot and cranes.

## II. ANALYSIS

### A. UGM's Motion to Exclude Documents Not Produced During Discovery

UGM seeks to exclude documents not produced during discovery regarding Mallco's purported damages. UGM states in its Motion that it is willing to give Mallco the benefit of the doubt as of August 15, 2016, when Mallco responded to the First Written Discovery that Mallco did not yet have finalized invoices to evidence payments for the repairs. UGM acknowledges that Mallco did provide quotes for the repairs. However, at his deposition on September 12, 2016, Chester Lane Mally ("Mally"), Mallco's sole employee and managing partner, was unable to provide specific figures as to what portions of the quotes he believed UGM was

responsible for paying. He testified that various invoices and quotes would become available shortly after his deposition and that he would provide those as they became available. Following the deposition, UGM again requested the documents on October 10 and 27, 2016. UGM argues that Mallco's failure to supplement their discovery response in a timely manner was not substantially justified or harmless. UGM notes that most of the documents were actually generated from July 2016 through November 2016 with only one document dated December 2016 and one document dated January 2017. (Doc # 36-5)

Mallco responds that it explained why the documents were not initially provided (because they were not yet in existence) and that it produced all of the requested documents on January 30, 2017 (identifying which specific repairs it seeks to recover for from UGM). Mallco notes that the repairs to the Premises were completed from August 2016 through December 2016. Mallco asserts that Mally could not compile the documents until January 2017 because he spent much of December 2016 out of the state and has no other staff. Mallco also notes that the scope and nature of the repairs has barely changed since the inception of the case, and UGM has not been taken by surprise or unfairly prejudiced in any way.

Rule 37(a) of the Federal Rules of Civil Procedure allows a party to make a motion to compel the opposing party to respond to discovery requests. Fed. R. Civ. P. 37(a). If the motion to compel is granted, the court may impose sanctions,

4

including attorney's fees and costs. Fed. R. Civ. P. 37(a)(5). If a party fails to comply with a court's order, then the moving party may file a motion under Rule 37(b)(2) for more severe sanctions such as striking out pleadings, prohibiting a party from introducing matters into evidence or entering a default judgment or dismissal against the party failing to obey any orders. Fed. R. Civ. P. 37(b)(2)(A). Rule 37(c) provides that a court may prevent a party who fails to provide information as required by Rule 26(a) from supplying evidence at trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c). However, "[w]here exclusion necessarily entails dismissal of the case, the sanction must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Dickerson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) (quotations and citation omitted).

The Court's review of the docket shows that no motions to compel discovery were filed by either party. Accordingly, there is no court order compelling discovery of the documents Mallco has now produced, four months after the close of discovery. The Court declines to impose the severe sanction of prohibiting a party from introducing matters into evidence in this case, given that Mallco has not violated any Court order. Although Plaintiff's Counsel should have instructed his client to provide him with the documents already in existence at an earlier date, UGM did have fairly accurate estimates of the damages Mallco is claiming by the

5

end of discovery, as well as the names of most, if not all, of the contractors so that further discovery could have been pursued. *See* Doc # 24-3. The Court denies UGM's Motion to Exclude Documents Not Produced During Discovery.

### B. UGM's Motion to Exclude Conflicting Testimony by Mallco

UGM seeks to exclude any testimony regarding repairs and/or maintenance to the parking lot that would conflict with the testimony provided by Mally at his deposition. UGM argues that Mallco is bound by the deposition testimony of Mally, its corporate designee, and, as to areas that Mally testified not knowing about during his deposition, Mallco cannot maintain otherwise at trial.

Mallco acknowledges that it does not have documents or a clear memory regarding the history of the parking lot prior to UGM's tenancy. Mallco argues that this issue goes to the credibility of Mally's testimony as opposed to its admissibility. Mallco notes that, should Mally testify to additional facts about the parking lot at trial, UGM would have the opportunity to impeach him using his deposition testimony, and the Court would make an appropriate credibility determination.

Mally, as a witness under Federal Rule of Civil Procedure 30(b)(6), is bound by his prior deposition testimony. However, the Court does not yet know what Mally will testify to at trial, and the Court agrees with Mallco that this issue would go to the credibility of Mally's testimony. Should Mally provide conflicting

testimony at trial, UGM will have the opportunity to impeach him using his deposition testimony. *See* Fed. R. Evid. 613, 801(d)(2). The Court denies UGM's Motion to Exclude Conflicting Testimony by Mallco.

### C. UGM's Motion to Exclude Expert Testimony

UGM seeks to exclude any expert testimony (with the exception of testimony from Lawrence Bird, a joint expert). UGM argues that Mallco failed to comply with Federal Rule of Civil Procedure 26(a)(2) by failing to produce any expert report, and by failing to provide the subject matter on which the expert is expected to present evidence and a summary of facts and opinions ninety days before trial.

Mallco responds that it seeks to introduce expert testimony from David Garbo ("Garbo"), who will also serve as a fact witness. Mallco notes that it timely filed its expert witness list on September 16, 2016, listing Garbo as a proposed expert witness. Mallco also disclosed Garbo, as well as a summary of the facts and opinions to which he is expected to testify, on January 30, 2017 (28 days before trial), stating as follows:

> Plaintiff's expert is Dave Garbo. He will testify that he was retained to be the construction manager for improvements to the building and premises. He will testify that such improvements were needed to repair damage within and outside the building and its fixtures. He will testify about the requirements imposed by the City of Madison Heights to obtain a new Certificate of Occupancy for the incoming tenant after the Defendant vacated. He will testify about the contractors utilized to perform the work.

(Doc # 33-5, Pg ID 558)  Mallco further notes that it listed Garbo as its one expert witness in the Joint Final Pretrial Order, filed on February 7, 2017.  (Doc # 31, Pg ID 495)  Mallco argues that Garbo was not required to provide a written report because he was hired to be a construction manager, and "not retained specially for the purpose of testifying in this case."  Mallco further argues that, even if the Court were to find that Mallco did not strictly follow the requirements of Federal Rule of Civil Procedure 26(a)(2), the Court should allow Garbo to testify because UGM has failed to even provide a synopsis of the expected testimony of its expert (Rob Nagle), and because Garbo was disclosed in September 2016 and referenced by Mally during his deposition in September 2016.

UGM notes in its Reply that it does not seek to exclude Garbo from testifying as a fact witness.  UGM argues that, in the event the Court allows Garbo to testify as an expert, Garbo should only be permitted to testify on the subject matter that was disclosed in Mallco's Responses, as quoted above.

Rule 26 of the Federal Rules of Civil Procedure states as follows.

> (2) Disclosure of Expert Testimony.
>
> (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a  written report—prepared and signed by the

> witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. . . .
>
> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>>
>> (ii) a summary of the facts and opinions to which the witness is expected to testify.
>
> (D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
>> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>>
>> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.
>
> (E) Supplementing the Disclosure. The parties must supplement these disclosures when required under Rule 26(e).

Fed. R. Civ. P. 26(a)(2).

If a party fails to provide information as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). As the Sixth Circuit has explained,

9

> [a]lthough exclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e), Rule 37(c)(1) provides the district court with the option to order alternative sanctions "instead of" exclusion of the late or undisclosed evidence "on motion and after giving an opportunity to be heard. [Fed. R. Civ. P. 37(c)(1)]; *see also Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 783-84 (6th Cir. 2003) ("Rule 37(c)(1) does not compel the district judge to exclude testimony in its entirety."). A noncompliant party may avoid sanction if "there is a reasonable explanation of why Rule 26 was not complied with or if the mistake was harmless." *Bessemer & Lake Erie R. R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010) (internal quotation marks omitted).

*Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015). The Sixth Circuit has adopted the following factors in order to assess whether a party's omitted or late disclosure is substantially justified or harmless: (1) surprise to the party against whom the evidence would be offered; (2) ability of that party to cure the surprise; (3) extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) explanation of nondisclosing party for its failure to disclose the evidence. *Id.* at 747-48.

In this case, it is not clear whether proposed expert Garbo has been "retained . . . to provide expert testimony in the case" such that Mallco would have been required to submit a written report prepared and signed by Garbo. *See* Fed. R. Civ. P. 26(a)(2)(B). Mallco states in its Response that Garbo was hired to be a construction manager, and "not retained specially for the purpose of testifying in this case." In any event, it is clear that, pursuant to Rule 26(a)(2)(C)-(D), Mallco

was at least required to provide, 90 days before trial, the subject matter on which Garbo is expected to present expert evidence and a summary of the facts and opinions to which Garbo is expected to testify. The Court finds that Mallco did not comply with these requirements. Mallco provided the subject matter on which Garbo is expected to present expert evidence and a brief summary of the facts and opinions to which Garbo is expected to testify on January 30, 2017, only 28 days before trial.

Nevertheless, the Court declines to exclude Garbo's expert testimony in its entirety. Turning to the aforementioned factors adopted in *Howe*, the Court finds that, first, UGM cannot claim it is surprised by Garbo's proposed expert testimony. The Court notes that Garbo's identity as the construction manager and as a potential expert witness was known to UGM since September 2016. His proposed testimony is not surprising given specific repairs to the Premises that Mallco had already identified (and UGM has been aware of since the beginning of the case), as well as Garbo's known role as the construction manager who oversaw those repairs to the Premises.

Second, the Court finds that UGM had some ability to cure any surprise. Again, Garbo's identity as the construction manager and as a potential expert witness was known to UGM since September 2016. UGM could have pursued further discovery and could have sought to depose Garbo. UGM could have also

sought to compel a summary of the facts and opinions to which Garbo is expected to testify.

Third, the Court finds that allowing Garbo to provide expert testimony on the subject matter that was disclosed in Mallco's Responses, as quoted above, would not disrupt trial.

Fourth, the Court finds that the evidence is important in order to accurately establish the portion of the repairs to the Premises that UGM may be responsible for.

Fifth, the Court finds that Mallco does not have a good explanation for its failure to timely disclose the subject matter on which Garbo is expected to present expert evidence and a summary of the facts and opinions to which Garbo is expected to testify. While the record shows that repairs to the Premises had not yet been completed 90 days before trial, the Court finds that Mallco could have nevertheless disclosed the subject matter and a summary of the facts and opinions based on the significant amount of information it already had available 90 days before trial.

The Court concludes that, while Mallco's late disclosure was not substantially justified, it was harmless. The Court denies in part UGM's Motion to Exclude Expert Testimony to the extent that the Court will allow Garbo to present

expert testimony on the subject matter that was disclosed in Mallco's Responses only.

### D. Mallco's Motion to Exclude Evidence Regarding Use of Parking Lot and Cranes

UGM argues that Mallco's Motion should be denied as untimely. Given that the parties did not agree otherwise, the Court agrees that the deadline for filing motions in limine was January 26, 2017. *See* Doc # 34-1. Mallco filed its Motion on January 31, 2017, five days after the deadline. The Court finds that UGM had an opportunity to respond to the Motion and has not shown that it was prejudiced by the five-day delay. Accordingly, the Court will consider Mallco's Motion.

Mallco seeks to exclude evidence regarding the condition of the parking lot prior to the inception of the Lease in 2002. Mallco argues that the fact that the parking lot was originally paved in the 1960s, or any evidence of repair done to the parking lot prior to UGM's tenancy, is not relevant to whether UGM's use of the parking lot contributed to or chiefly caused its dilapidated condition. Mallco further argues that there is no dispute that UGM agreed to be responsible for the maintenance and repair of the parking lot and to return it in the same serviceable condition as it was in 2002.

UGM responds that the fact that the parking lot was built in the 1960s, that no repairs were ever made by Mallco, and that Mallco is unaware of any repairs ever made by any other tenant go to the heart of UGM's defense. UGM argues that

Mallco is asking UGM to pay for a brand new parking lot when that is not what UGM received or bargained for. UGM argues that the evidence that Mallco seeks to exclude is directly relevant to what portion of the repairs, if any, UGM is responsible for reimbursing Mallco after UGM's tenancy ended.

Rule 401 of the Rules of Evidence defines relevant evidence as evidence having "any tendency" to make a fact that is of consequence to the determination of the action "more or less probable than it would be without the evidence." The standard set forth in Rule 401 is a liberal one. *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006). "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738-39 (6th Cir. 2006) (citation omitted).

The Court finds that evidence regarding the age of the parking lot and its history of repairs by prior tenants prior to the inception of the Lease is not relevant to the condition of the parking lot at the inception of the Lease. UGM does not argue that it did not receive the parking lot in serviceable condition when it signed the Lease and first occupied the Premises. The Court grants Mallco's request to exclude evidence regarding the condition of the parking lot prior to the inception of the Lease in 2002.

Mallco next seeks to exclude evidence regarding the condition of the two cranes prior to the inception of the Lease in 2002, and any maintenance and repair records for the cranes during the term of the Lease. Mallco purchased these refurbished cranes and installed them permanently into the interior of the Premises, providing them for UGM's use in its business as a granite and heavy stone wholesaler. Mallco agreed in the Lease to be responsible for replacement and major repair to the cranes so long as it was not due to UGM's "misuse of the cranes such as loading them in excess of their capacities or its failure to maintain the cranes in good operating order and in accordance with applicable OSHA standards." UGM agreed to be responsible for routine inspections and for maintaining the cranes in good operating order. Mallco argues that any evidence regarding the condition of the cranes prior to the inception of the Lease or any evidence regarding repairs to the cranes during the term of the Lease is irrelevant to whether UGM misused the cranes or failed to maintain appropriately.

UGM responds that the age of the cranes, the continued need to repair the cranes, and the numerous repairs to the cranes that UGM paid for during its tenancy are relevant to UGM's defense that it complied with its obligation to maintain the cranes during its tenancy and restore them in the same manner in which they were provided to it.

The Court finds that evidence regarding the age of the cranes and their condition prior to the inception of the Lease is not relevant to the condition of the cranes at the inception of the Lease. UGM does not argue that it did not receive the cranes in good operating order when it signed the Lease and first occupied the Premises. The Court grants Mallco's request to exclude evidence regarding the condition of the two cranes prior to the inception of the Lease in 2002. The Court also finds, however, that evidence regarding maintenance and repairs to the cranes during the term of the Lease is relevant to whether UGM complied with its obligation to maintain the cranes in good operating order during its tenancy. UGM may also use records of such repairs to rebut evidence presented by Mallco regarding any misuse of the cranes by UGM. The Court denies Mallco's request to exclude evidence regarding maintenance and repairs to the cranes during the term of the Lease.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that UGM's Motion to Exclude Documents Not Produced During Discovery (Doc # 24) is DENIED.

IT IS FURTHER ORDERED that UGM's Motion to Exclude Conflicting Testimony by Mallco (Doc # 25) is DENIED.

IT IS FURTHER ORDERED that UGM's Motion to Exclude Expert Testimony (Doc # 26) is DENIED IN PART. The Court will permit Garbo to present expert testimony on the subject matter that was disclosed in Mallco's Responses only.

IT IS FURTHER ORDERED that Mallco's Motion to Exclude Evidence Regarding Use of the Parking Lot and Cranes (Doc # 27) is GRANTED IN PART as to evidence regarding the condition of the parking lot prior to the inception of the Lease in 2002, and the condition of the two cranes prior to the inception of the Lease in 2002. Mallco's Motion to Exclude Evidence Regarding Use of the Parking Lot and Cranes (Doc # 27) is DENIED IN PART as to evidence regarding maintenance and repairs to the cranes during the term of the Lease, which the Court will allow.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: February 24, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 24, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager